UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUBEN BUENROSTRO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF WILDER, a municipal corporation in the State of Idaho; WILDER HOUSING AUTHORITY, an independent public body corporate and politic in the State of Idaho; MAYOR ROBERT RHODES, individually and in his official capacity,<br><br>　　　　Defendants. | Case No. 1:21-cv-00304-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Ruben Buenrostro's second unopposed motion for leave to file an amended complaint (Dkt. 26). For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Plaintiff filed this lawsuit in July 2021. After filing his initial complaint, plaintiff filed his first motion to amend his complaint, which the Court granted on January 20, 2022. *See Motion*, Dkt. 15; *Order*, Dkt. 16. Plaintiff filed his first

**MEMORANDUM DECISION AND ORDER - 1**

amended complaint on January 21, 2022. *See Amended Complaint*, Dkt. 17.

Plaintiff now asks to amend his complaint again. He explains that he seeks to add an additional claim under Idaho Code § 10-1201 et seq because of facts discovered during a 30(b)(6) deposition of the City of Wilder. Plaintiff filed this motion just before the deadline for amendment of pleadings. *See Order*, Dkt. 25. Defendants do not oppose the motion.

## DISCUSSION

Motions to amend are analyzed under Federal Rule of Civil Procedure 15(a). Rule 15(a) is a liberal standard and leave to amend "shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 2006). When determining whether to grant leave to amend, the Court considers five factors to assess whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Having considered these factors, the Court will grant leave to amend. Most significantly, plaintiff is well within the deadline established in the amended scheduling order and the defendants do not oppose the motion. Otherwise, there are no indications of bad faith, undue delay, or prejudice to the opposing party.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Second Motion to Amend (Dkt. 26) is **GRANTED**.

2. Plaintiff is directed to formally file his First Amended Complaint by April 25, 2022.

DATED: April 15, 2022

B. Lynn Winmill
U.S. District Court Judge